```
             IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF KANSAS
```

**DARRYL WAYNE MANCO,**

                **Petitioner,**

          v.                        CASE NO.  07-3184-SAC

**ROGER WERHOLTZ,**

                **Respondent.**

<u>**O R D E R**</u>

    This "Notice of Intent to File a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. 2254," submitted by an inmate of the El Dorado Correctional Facility, El Dorado, Kansas (EDCF), was construed and filed as a Section 2254 habeas corpus petition. Petitioner has neither paid the $5.00 filing fee nor submitted a Motion for Leave to Proceed without prepayment of fees, and will be given time to satisfy the filing fee in one of these two ways.

    Mr. Manco seeks to challenge his conviction on June 25, 1992, in Geary County District Court, Junction City, Kansas, of indecent liberties with a child and aggravated criminal sodomy (Case No. 92-CR-294). He directly appealed his convictions to the Kansas Court of Appeals (KCOA), which affirmed on March 18, 1994; and to the Kansas Supreme Court, which denied his Petition for Review on April 26, 1994.

    The statute of limitations for filing a federal habeas corpus petition is set forth in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The

limitation period shall run from the latest of-

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

* * *

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Statutory tolling of the limitations period is available in that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ."  28 U.S.C. 2244(d)(2).

Upon initial screening of the Petition, the question immediately presented is whether or not petitioner filed his federal habeas action within the one-year statute of limitations.  On this threshold issue, the court tentatively finds the facts and law to be as follows.  For statute of limitations purposes, it appears direct review of petitioner's conviction was complete and his conviction "became final" in 1994[1].  However, the statute of limitations quoted above was not enacted until April 24, 1996.  For those like petitioner convicted prior to its enactment, their one-year

---

[1] A state prisoner's conviction is "final" under 28 U.S.C. 2244(d)(1)(A) after the ninety-day period has expired in which he or she could have filed a petition for certiorari review of a direct criminal appeal in the United States Supreme Court, when such a petition was not filed.  In petitioner's case that was ninety days after April 26, 1994; or on July 26, 1994.

2

limitations period began on April 24, 1996, and, absent statutory or equitable tolling, ran until April 24, 1997. Petitioner alleges he filed his first state post-conviction motion in 1998[2]. It thus appears the statute of limitations expired in this case on April 24, 1997, unless petitioner is entitled to a later start date, statutory tolling, or equitable tolling.

In his 1998 state post-conviction action, petitioner claimed trial counsel was ineffective and other trial errors including that he should have been charged with incest rather than indecent liberties. This motion was denied by the state district court in 1999, the KCOA denied petitioner's appeal on September 21, 2001, and petitioner did not appeal further. Petitioner acknowledges that all issues raised in his 1998 motion are time-barred due to the statue of limitations.

The instant federal habeas corpus petition does not raise those issues, and petitioner asserts that the new and different claim raised herein is not barred by the statute of limitations. Generally, all habeas claims are barred upon expiration of the statute of limitations whether or not previously raised in state court. Moreover, an additional one-year limitations period is not provided simply because petitioner raises a new claim, as he seems to suggest. Petitioner argues his circumstances are exceptional in that the state courts found his new claim was not "successive" and

---

[2] Motions under K.S.A. 60-1507 can have a tolling effect only if they are filed before the one-year statute of limitations period expires.

3

considered it on the merits[3]. He contends the federal courts must now consider it as well. The court has attempted to construe this argument as grounds for an earlier start date or statutory or equitable tolling, without success.

**START DATE**

Under certain circumstances, a habeas claim might be considered in federal court even though more than a year has passed since the challenged conviction became "final." One circumstance is when a later start date applies than the date the conviction "became final." As set forth in 28 U.S.C. 2244(d)(1)(C) and (D), quoted earlier, a petitioner is entitled to a later start date when there has been an intervening, retroactive change in Supreme Court law, or the discovery of a new factual predicate for a claim.

Petitioner's allegations of an intervening change in the law do not entitle him to a later start date under subsection (C). Petitioner bases his federal habeas claim on a decision of the Kansas Court of Appeals, namely <u>State v. Mulllins</u>, 30 Kan.App.2d 711, 46 P.3d 1222 (2002), <u>rev</u>. <u>denied</u> 274 Kan. 1113 (Kan. 2002). In <u>Mullins</u>, a child sex abuse case, the KCOA held the defendant was denied effective assistance of counsel because defense counsel failed to call an expert on interviewing techniques of child sex abuse victims. The ruling in <u>Mullins</u> is not shown to be the newly

---

[3] Petitioner first raised his new claim in 2004 in his second state post-conviction motion under K.S.A. 60-1507, which was denied by the trial court on May 27, 2005. The KCOA affirmed the denial on September 1, 2006, and a Petition for Review was denied by the Kansas Supreme Court on December 19, 2006. Mr. Manco's federal Petition was executed on July 12, 2007.

4

recognized constitutional right referred to in subsection (C), particularly since Mullins is not an opinion of the United States Supreme Court[4].

Nor do petitioner's argument and factual allegations entitle him to a later start date under subsection (D), since he proffers a new legal, rather than a factual, predicate.  In addition, there is no indication he was unaware of the factual predicate for a claim under the legal theory applied in Mullins until after expiration of the statute of limitations.

**STATUTORY TOLLING**

Even assuming petitioner's claim based on Mullins called for a start date determined under either subsection (C) or (D), that date start would be May 24, 2002[5], when Mullins was decided.  Under this assumption then, the statute of limitations for filing this federal habeas corpus petition would have expired on or around May 25, 2003.  Petitioner had no tolling state action pending between May 24, 2002,

---

[4] Moreover, it is not at all clear that petitioner is entitled to relief under Mullins, and apparently the state courts rejected his claim that he was. The KCOA has held since Mullins, that "the court in Mullins was clear to limit its ruling to the facts of that case . . . ." Snavely v. State, 2003 WL 22430275, *2 (Kan.App. Oct. 24, 2003)(unpublished, but not cited for precedential value), citing Mullins, 30 Kan.App.2d 711, Syl. ¶3; see also, Lewis v. State, 33 Kan.App.2d 634, 111 P.3d 636 (Kan.App. Oct. 10, 2003), rev. denied (Kan. Dec. 23, 2003).  Some significant facts in Mullins do not appear to be present in this case.

[5] The later start date under subsection (C) is the date on which the constitutional right was initially recognized by the Supreme Court, and under subsection (D) is the date on which the factual predicate of the claim could have been discovered with due diligence.  Here, the date on which the right asserted was "initially recognized" by the KCOA was May 24, 2002; and the date on which the factual predicate for a claim under Mullins could have been discovered with due diligence was May 24, 2002, or earlier.

5

and May 25, 2003.  His first state post-conviction action was final in October, 2001; and his second was not filed until June, 2004. The dates alleged by petitioner with regard to the filing and resolution of his state post-conviction actions do not indicate he is entitled to any additional statutory tolling.

**EQUITABLE TOLLING**

From the foregoing tentative findings, it appears that the statute of limitations start date in this case was April 24, 1996, 28 U.S.C. 2244(d)(1)(A); and that this Petition is time-barred, absent equitable tolling, because it was not filed within a year of that date.  Petitioner shall be given time to allege facts, if he is able, showing he is entitled to equitable tolling[6].  The court notes that equitable tolling of the limitation period is allowed when "an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control."  Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000), cert. denied, 531 U.S. 1194 (2001), *citing,* Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998).  If petitioner does not present facts showing his entitlement to equitable tolling within the time provided, this action will be dismissed as time-barred.

**MOTION TO STAY**

---

[6] The facts that the state courts found petitioner's new claim not to be successive and considered it on the merits are not "exceptional circumstances" warranting equitable tolling.

6

Petitioner has filed a Motion to Stay Proceeding (Doc. 3), in which he states he is "not totally exhausted in the state court." However, in support of this motion, he alleges not that he has a state action pending or that he has unexhausted claims, but that he has been unable to obtain documents[7] with which to adequately prepare his federal habeas petition. He further states he "seeks to file a motion for discovery" of these materials and for transcripts in Geary County District Court. He asks this court to stay these proceedings until he can obtain these materials. Petitioner does not need to obtain and provide these documents before filing his federal habeas corpus petition, and in fact the documents he has already submitted were filed as his Petition. A pro se Petition must set forth the facts upon which the petitioner's claims are based. If the Petition were timely, the court would eventually order respondent to provide the entire state court record with its response, and petitioner might continue to seek police records or provide the court with a summary of their content to support his claims. However, if this action is time-barred, as it appears to be, additional records will be of no use to petitioner herein. Accordingly, petitioner's Motion for Stay (Doc. 3) is denied at this juncture, without prejudice.

**MOTION TO APPOINT COUNSEL**

---

[7] Specifically, petitioner claims he has "suffered delays caused by Habeas counsel" failing to provide police reports, statements, and transcripts of his 1507 evidentiary hearing, and is "unable to properly prepare" a federal 2254 Petition without these materials.

7

Petitioner has also filed a Motion to Appoint Counsel (Doc. 2), which is also denied, without prejudice. Petitioner may renew this motion at a later time if this action is determined to be timely.

**IT IS THEREFORE ORDERED** that petitioner is granted thirty (30) days in which to either submit the filing fee of $5.00 or a Motion for Leave to Proceed Without Prepayment of Fees on forms provided by the court; and in which to allege facts showing his entitlement to equitable tolling or other cause why this action should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that petitioner's Motion to Stay (Doc. 3) and Motion for Appointment of Counsel (Doc. 2) are denied, without prejudice.

The clerk is directed to transmit forms for filing an in forma pauperis motion to petitioner.

**IT IS SO ORDERED**.

Dated this 27th day of August, 2007, at Topeka, Kansas.

> s/Sam A. Crow
> U. S. Senior District Judge