```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**DARRYL WAYNE MANCO,**

        Petitioner,

    v.                          CASE NO.  07-3184-SAC

**ROGER WERHOLTZ,**

        Respondent.

## O R D E R

The clerk received a letter from petitioner in which he requests that the court issue a protective order "to prevent electronic filing with Lexis Nexis program," or that the caption of this case be changed to Doe v. Werholtz. The court has construed petitioner's letter as a motion for protective order (Doc. 8), and finds as follows.

As the factual basis for his motion, petitioner alleges that inmates at EDCF now have access to Lexis Nexis, a new legal research tool, and some are using that access to gain information on other inmates. He claims the availability of information regarding his conviction on Lexis Nexis "may" subject him to risk of physical harm from other inmates. He asserts that the state and federal government have a duty to protect inmates from violence at the hands of other inmates under the 8th and 14th Amendments, and that he is being forced to choose between his safety and the exercise of his constitutional right to challenge his conviction.

He requests that the court either issue a protective order "to prevent electronic filing with Lexis Nexis Program," or that the caption of this case be changed to <u>Doe v. Werholtz</u>.  He also seems to request that the clerk consider whether or not to file his Response to the court's prior show cause order, which was simultaneously submitted.

The court finds no legal or factual basis is presented for petitioner's request that this court either issue an order preventing electronic filing or change the caption of this case.  The only facts alleged by petitioner in his motion are that his Petition filed herein on July 13, 2007, and the court's show cause order filed herein on August 27, 2007, appeared on Lexis Nexis.  His claims that other inmates may acquire this information and he may be in danger as a result are entirely speculative.  If petitioner does actually find himself in danger from other inmates, he should immediately alert and seek relief from prison officials[1].

Moreover, the documents petitioner refers to have already been filed in this civil action and were public records available at large before this motion was filed.  It is thus too late to prevent their electronic filing or public dissemination.  Petitioner does not allege how changing the caption of this case after these

---

[1] Petitioner's allegations that the Lexis Nexis program at the prison is being used in a way that may result in danger to him from other inmates, and that his constitutional rights are being violated must be raised in a federal civil rights complaint, after petitioner has sought relief through the prison's administrative remedy process.  The court has no basis for granting relief on these claims in this habeas corpus action.

documents have already been filed would prevent dissemination of the information contained therein.

Petitioner has not filed a motion for leave to file certain documents under seal, as permitted in this court's "Administrative Procedures for Filing . . . by Electronic Means in Civil Cases." If the court had received such a motion from petitioner with regard to his Response, it would have been denied. The court has reviewed the Response, and finds no information therein warranted the sealing of this particular document. Mr. Manco alleges he raised his allegations in state court, and thus he made them a matter of public record long before this action was filed.

As noted, plaintiff might have vaguely suggested in his letter that the clerk consider whether or not to file his Response. This is not the responsibility of the clerk. His Response was submitted to the clerk for filing, and it was properly filed.

**IT IS THEREFORE ORDERED** that petitioner's motion for protective order (Doc. 8) is denied.

**IT IS SO ORDERED.**

Dated this 5th day of November, 2007, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge
