```
           IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF KANSAS
```

**DARRYL WAYNE MANCO,**

           Petitioner,

      v.                       CASE NO.  07-3184-SAC

**ROGER WERHOLTZ,**

           Respondent.

## O R D E R

On August 27, 2007, this court ordered petitioner to show cause why this federal habeas corpus petition, 28 U.S.C. § 2254, should not be dismissed as time-barred. The matter is currently before the court upon petitioner's Response to that show cause order. Having considered all materials filed, the court finds Mr. Manco has not alleged facts showing he is entitled to any statutory or equitable tolling. The court concludes this action was not filed within the applicable statute of limitations, 28 U.S.C. § 2244, and should be dismissed as time-barred.

Petitioner seeks to challenge his convictions on June 25, 1992, in Geary County District Court, Junction City, Kansas, of indecent liberties with a child and aggravated criminal sodomy (Case No. 92-CR-294). Direct review was complete and the convictions became "final" in July, 1994. Since the statute of limitations was not enacted until April 24, 1996, the one-year limitations period began to run in petitioner's case on April 24,

1996.  Mr. Manco did not file his first state post-conviction action until 1998.  Thus, it is clear the limitations period ending on April 24, 1997, was not statutorily tolled by a pending state habeas action[1].  Petitioner was informed in the court's prior order that unless he could show entitlement to a later start date, statutory tolling, or equitable tolling, the limitations period in his case ran for one year from the date it commenced and expired on April 24, 1997.

Mr. Manco initially asserted his federal Petition was not barred by the statute of limitations because he was, in essence, entitled to a later start date on the claim he seeks to raise based upon "newly recognized" law[2].  This court rejected his argument because the alleged change was to state rather than Supreme Court law, and it was not apparent that the 2002 state court opinion entitled him to relief.  Mr. Manco now asserts that exceptional circumstances entitle him to equitable tolling including that (1) in March, 2005, he became aware of previously

---

[1] In his original Petition, Mr. Manco recognized that the claims he raised in his 1998 state post-conviction action (Case No. 98-C-183) were barred by the one-year statute of limitations.  By his own account, those claims included that his trial counsel was ineffective in cross-examining the victim, and "failed to cross-examine the victim concerning prior inconsistent statements."

[2] Petitioner asserted he should be allowed to challenge his state conviction in federal court based upon a change in state law, and cited a 2002 opinion of the Kansas Court of Appeals.  This court found the threshold issue was whether or not the federal Petition was timely filed, and rejected petitioner's reliance on a 2002 change in state law as not within the statutory provision tolling for a constitutional right newly recognized by the Supreme Court.  Petitioner was given time to show his entitlement to equitable tolling or other cause why this action should not be dismissed as time-barred.

undisclosed material exculpatory evidence[3], (2) police officials tried to set him up and coerce him into being an informant in 1989 and 1990, (3) false molestation charges were lodged against him in 1992, (4) he was mentally impaired in 1997 and 1998 due to psychotropic medications, and (5) the KDOC has interfered with his post-conviction proceedings, "seriously hindered" his efforts to meet the limitations deadline, and retaliated against him. Finally, petitioner claims that as part of a "Government run experiment," he was

> unwittingly implanted with a highly dangerous experimental tracking device, equipped with a type of 'micro-vibration-module' that delivers sound waves along the skull or jawbone into the inner ears, causing the eardrums to vibrate at the same rate as the arriving sound waves delivering sound, speech and pitch without making communications 'audible to those around me'.

He further claims the device transforms "mechanical sound waves into modulated signals and transmits them through the induction of the prison's electrical a/c wiring systems, fiberoptic lines, security communications systems, and triangulation." He states that because he refused to cooperate he is subjected to extreme methods of "psychic driving, sleep deprivation, thought feedback,

---

[3] In his Response, petitioner alleges he has newly discovered evidence of contradictory statements by the victim. He claims his trial counsel intended to introduce these statements into evidence, but decided not to without informing petitioner, and that petitioner first found out in March, 2005, they were not disclosed at trial and are not in the record. He further alleges that until March, 2005, he believed the statements had been introduced at trial. These claims lack credibility since Mr. Manco was presumably present at his trial and for the presentation of all evidence. He also claims he was "never given the chance" by his counsel to review the contents of these statements, and did not know of their content until March, 2005. He describes these statements only as "relevant material of evidentiary value."

emotional trauma, desenitization (sic), isolation and severe physical injuries or punishments." He further alleges "these methods are designed to create panic, fear, terror, and despair," reduce his defense mechanisms, and "depattern" his personality and behavior. He suggests he has thus been "conditioned" in prison to be an informant, and was to be paroled to gather intelligence on free citizens. He further claims he has become resistant "over the years," and "only here" with strenuous effort exerts his will against this force, permitting him to now state his claims.

In determining whether equitable tolling is appropriate, this court recognizes that "[d]ismissal of a first federal habeas petition is a particularly serious matter, for that dismissal denies the petitioner the protections of the Great Writ entirely, risking injury to an important interest in human liberty." Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir. 2003), *citing* Lonchar v. Thomas, 517 U.S. 314, 324 (1996). "At the same time, equitable tolling should not be used to thwart the intention of Congress in establishing a statute of limitations for habeas claims." Burger, 317 F.3d at 1141. Accordingly, the Tenth Circuit Court of Appeals has limited equitable tolling of the one-year limitations period to "rare and exceptional" circumstances. Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). They have instructed:

> "[e]quitable tolling would be appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct--or other uncontrollable circumstances--prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period. Simple excusable neglect is not

sufficient.

Burger, 317 F.3d at 1141, *citing* Gibson, 232 F.3d at 808 ; see also Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000)("[Equitable tolling] is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control.").

In this case, Mr. Manco has not shown that he diligently pursued his habeas claims prior to April 24, 1997, while the statute of limitations was running. Burger, 317 F.3d at 1141. Furthermore, the court finds the exceptional circumstances urged by Mr. Manco are not supported by adequate factual allegations, and some are incredible to the point of appearing delusional. Petitioner never reveals the content of the statements by the victim, which he now claims were not in the record and not disclosed to him until 2005. Nor does he explain how the statements differ from the ones he claimed in 1998 his trial attorney had failed to cross-examine the victim on. Since the statute of limitations ran from April 24, 1996, to April 24, 1997, events that petitioner alleges occurred in 1989, 1990, and 1992, have no tolling effect on that one-year limitations period. Nor do petitioner's arguments in support of his claims, which do not evince actual innocence, demonstrate entitlement to equitable tolling.

Petitioner's allegations, not even hinted at in his Petition, that he was mentally impaired by drugs in 1997 and 1998, and that

the KDOC has hindered and interfered with his efforts to meet the time limitations as well as retaliated against him are completely conclusory.  As such, they are insufficient to show his entitlement to equitable tolling.  Petitioner's allegations regarding an implant are also conclusory and simply not credible, particularly since he provides no facts regarding times, places, specific events, and persons involved.

The court finds petitioner is not entitled to statutory tolling and has not met his burden of showing his entitlement to equitable tolling.  The court concludes this action is time-barred and must be dismissed.

**IT IS THEREFORE ORDERED** that this action is dismissed as time-barred, and all relief is denied.

**IT IS SO ORDERED.**

Dated this 8th day of November, 2007, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
U. S. Senior District Judge