```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**DARRYL WAYNE MANCO,**

                Petitioner,

       v.                          CASE NO.  07-3184-SAC

**ROGER WERHOLTZ,**

                Respondent.

## O R D E R

On November 8, 2007, this habeas corpus action was dismissed as time-barred, and all relief was denied. Petitioner has since filed a "Motion to Exceed Page Limitation on Motion for Reconsideration" (Doc. 13); a Motion for Reconsideration (Doc. 14), which includes the excess pages; a Notice of Appeal (Doc. 16), an Application for Certificate of Appealability (Doc. 20), and a Motion for Leave to Appeal in forma pauperis (Doc. 21).

## MOTION FOR RECONSIDERATION

The court has reviewed all materials filed by petitioner as his Motion for Reconsideration (Doc. 14), and thus grants his Motion to Exceed Page Limitation (Doc. 13). Since petitioner's Motion for Reconsideration was filed more than ten days after final judgment was entered herein, it might be treated as a Motion for Relief from Judgment under Rule 60(b) of the Federal Rules of Civil Procedure. See Spitznas v. Boone, 464 F.3d 1213, 1215 FN3 (10th Cir. 2006). The grounds for such a motion include mistake, evidence newly discovered since the judgment, misconduct of an adverse party, void or satisfied judgment, and "any other reason

that justifies relief."

The Rules of Civil Procedure, including FRCP Rule 60, apply to habeas corpus proceedings, but only "to the extent a rule is not inconsistent with applicable federal statutory rules and rules governing habeas cases." Gonzalez v. Crosby, 545 U.S. 524, 529 (2005), *citing* 28 U.S.C. § 2254 Rule 11, see FRCP 81(a)(2).  28 U.S.C. § 2244(b) requires dismissal of claims presented in a "second or successive" habeas corpus application, unless it satisfies one of two narrow exceptions set forth in that statute. Subsection (b)(3)(A) of § 2244 provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  The Tenth Circuit then determines whether or not the second or successive application meets the statutory requirements and may be considered by the district court.  See Spitznas, 464 F.3d at 1215.  When a habeas petitioner files a Rule 60 motion that advances either new claims or new arguments in support of already litigated claims, or alleges the federal court erred in denying habeas relief on the merits, the district court must initially consider and determine whether the allegations amount to a second or successive habeas petition governed restricted by 28 U.S.C. § 2244.  See Gonzalez, 545 U.S. at 532.

As the basis for his motion for reconsideration, Mr. Manco initially claims the court misconstrued his claims.  While this might be viewed as a "defect in the integrity of the federal habeas proceedings" properly considered under Rule 60, the court finds no

evidence that it significantly misconstrued Mr. Manco's claims, and concludes petitioner is not entitled to relief from judgment on this basis.

Petitioner's assertion that this court incorrectly dismissed his petition as time-barred constitutes a true 60(b) motion. Petitioner continues to argue exceptional circumstances existed for his failure to timely file this Petition including that he was impeded by a secret, experimental implanted device; that contradictory statements by the victim amount to newly discovered evidence; and that he is actually innocent[1]. These arguments do not amount to assertions of second or successive habeas corpus claims, and are considered and rejected as grounds for petitioner's Rule 60 motion. Apparently as support for his exceptional circumstances arguments, petitioner attaches a pleading he has prepared which has no case number or date and is not found in the district court records as having been filed[2]. The court concludes no reason is alleged or exists, which would entitle petitioner to relief from the court's judgment.

The remaining allegations in petitioner's motion assert or

---

[1] Petitioner still fails to provide the content of the victim's contradictory statements he now alleges prove him innocent, which were not presented at trial.

[2] Petitioner attempts to convince the court it must determine his claim of a secret implant. This action is a habeas petition challenging his state court conviction, not a civil rights action raising Eighth Amendment violations like the one he has prepared and attached to his motion for reconsideration. Each time the court rejects one of petitioner's arguments, he attempts to re-argue it or add different arguments. The court correctly found in its Order dismissing this action that petitioner had failed to provide facts in support of his conclusory and incredible claim that he was actually impeded in pursuing his remedies by a secretly transplanted device. His exhibit of a patent for a device in no way established the fact that or how he was impeded from timely filing his federal petition by a device actually implanted in him.

reassert his substantive claims of error as to his state conviction, including alleged ineffective assistance of defense counsel, and that his incriminating statements were coerced. See Gonzalez, 545 U.S. at 532. The court determines the bulk of petitioner's motion should be treated as a second or successive habeas petition. These second or successive claims must be transferred to the Tenth Circuit Court of Appeals for a determination of authorization under 28 U.S.C. § 2244(b)(3).

**CERTIFICATE OF APPEALABILITY**

Petitioner has filed a Notice of Appeal (Doc. 16) from the court's order of dismissal, and an Application for Certificate of Appealability (Doc. 20). Pursuant to 28 U.S.C. § 2253 and Rule 22(b) of the Federal Rules of Appellate Procedure, Title 28 U.S.C., an appeal may not proceed unless a district judge or circuit judge issues a certificate of appealability. A habeas petitioner is entitled to a certificate of appealability only if he has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard for granting a certificate of appealability is the same as the standard set out by the Supreme Court in Barefoot v. Estelle, 463 U.S. 880 (1983). Under the Barefoot standard, a certificate will issue only where the petitioner has demonstrated the issues raised are debatable among jurists of reason, a court could resolve the issues differently, or the questions presented are deserving of further proceedings. See Barefoot, 463 U.S. at 893, FN4. The court finds no basis for issuing a certificate of appealability in this case.

**APPELLATE FILING FEE**

Petition initiated this action by paying the filing fee, and has now filed a motion to proceed in forma pauperis on appeal. 28 U.S.C. § 1915 requires that a prisoner seeking to bring a civil action or appeal without prepayment of fees submit an affidavit described in subsection (a)(1), and a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined."  28 U.S.C. § 1915(a)(2). Petitioner has provided an affidavit with his motion, but not a certified copy of his trust fund account statement. His motion to proceed in forma pauperis on appeal may not be granted unless and until he has submitted proper support for his motion that conforms to the requirements of Section 1915(a). He will be given twenty (20) days to submit a certified statement of his inmate account for the six months preceding the filing of Notice of Appeal. If he fails to provide this document within that time, his motion for leave to proceed in forma pauperis on appeal will be denied by this court.

**IT IS THEREFORE ORDERED** that petitioner's Motion to Exceed Page Limitation on Motion for Reconsideration (Doc. 13) is granted.

**IT IS FURTHER ORDERED** that the two parts of petitioner's Motion for Reconsideration (Doc. 14) treated as a true Rule 60(b) motion[3] are denied, and the rest of his allegations in his Motion

---

[3] These are petitioner's assertions that the court misconstrued his claims and that the dismissal of his Petition as time-barred was erroneous.

for Reconsideration are treated as a second and successive application for habeas corpus relief and transferred to the Tenth Circuit Court of Appeals for consideration of authorization under 28 U.S.C. § 2244(b)(3).

**IT IS FURTHER ORDERED** that the petitioner's Application for a Certificate of Appealability (Doc. 20) is denied.

**IT IS FURTHER ORDERED** that petitioner is granted twenty (20) days in which to submit a certified copy of his inmate account statement for the six months preceding his filing of his Notice of Appeal in support of his motion for leave to proceed in forma pauperis on appeal as required by statute.

**IT IS SO ORDERED.**

Dated this 1st day of February, 2008, at Topeka, Kansas.


                                    s/Sam A. Crow
                                    U. S. Senior District Judge