**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**DARRYL WAYNE MANCO,**

                **Petitioner,**

        v.                                              CASE NO. 07-3184-SAC

**ROGER WERHOLTZ,**

                **Respondent.**

**O R D E R**

In July, 2007, petitioner submitted a pleading entitled "Notice of Intent to File a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. 2254." This court construed and filed this pleading as a Section 2254 habeas corpus petition.

Upon initial screening of the Petition, the court found the question immediately presented was whether or not petitioner filed his federal habeas action challenging his 1994 conviction within the one-year statute of limitations. The court tentatively found that the Petition was time-barred, absent equitable tolling, because it was not filed within a year of April 24, 1996. Petitioner was given time to allege facts showing entitlement to equitable tolling to avoid dismissal of the action as time-barred. His subsequent motion to stay to allow him to obtain supportive materials was denied as unnecessary and without prejudice. Petitioner, who is pro se, did not object to the court's filing of his Petition. Nor did he show he was entitled to equitable tolling. The court dismissed this action as time-barred on

November 8, 2007. Petitioner filed a motion for reconsideration (Doc. 14) and a Notice of Appeal (Doc. 16). This court construed a portion of petitioner's motion for reconsideration as a second and successive habeas action, and transferred that portion to the Tenth Circuit Court of Appeals for authorization to file.

On May 20, 2008, the Tenth Circuit Court of Appeals determined that the transferred portion of petitioner's motion for reconsideration "was not a second or successive motion and remanded to the district court." See <u>Manco v. Werholtz</u>, Case No. 07-3363 at *1, FN1 (10th Cir. June 9, 2008, unpublished), citing <u>In re Manco</u>, No. 08-3044 (10th Cir. May 20, 2008, unpublished). This matter is before the court upon remand from the Circuit for "proper treatment of that portion of the motion for reconsideration that the district court deemed to be a second or successive habeas petition." <u>In re Manco</u>, at *2. The Circuit Court held that this court "failed to follow the procedure set forth in <u>Castro v. United States</u>, 540 U.S. 375, 383 (2003), when it construed (petitioner's) 'Notice of Intent to File' a § 2254 habeas petition as an actual § 2254 petition."

This court finds from the foregoing that petitioner's Motion for Reconsideration (Doc. 14) should be granted and this matter should be re-opened in order for this court to comply with the Tenth Circuit Court of Appeal's order of remand.

The court hereby notifies petitioner that it intends to characterize his initial submission in this case entitled "Notice of Intent to File a Petition for Writ of Habeas Corpus, Pursuant to 28 U.S.C. 2254" as an actual habeas corpus petition. Petitioner is

further notified that if his initial pleading is so characterized, any subsequent § 2254 petition filed by him will be subject to the restrictions on "second or successive" motions.  Petitioner is given the opportunity to withdraw his initial pleading submitted in this case, or to amend his initial pleading, for example, so that it contains all of the § 2254 claims he believes he has.  In re Manco, at *3, citing Castro, 540 U.S. at 383.

**IT IS THEREFORE ORDERED** that petitioner's Motion for Reconsideration (Doc. 14) is granted, and this matter is reopened to comply with the order of remand of the Tenth Circuit Court of Appeals.

**IT IS FURTHER ORDERED** that petitioner is granted thirty (30) days in which to either withdraw his initial pleading entitled "Notice of Intent to File a Petition for a Writ of Habeas Corpus[1]," or amend his initial pleading to state all the § 2254 claims he believes he has.

The clerk is directed to transmit to petitioner forms for filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, which he may use if he chooses to file an Amended Petition.

**IT IS SO ORDERED.**

Dated this 22nd day of July, 2008, at Topeka, Kansas.

---

[1] If petitioner withdraws his initial pleading, this action will be dismissed without prejudice to his filing a petition for writ of habeas corpus in the future.  This action will be dismissed because there will be no petition before the court, and thus no case or controversy.

                s/Sam A. Crow
                U. S. Senior District Judge