IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DARRYL WAYNE MANCO,

                         Petitioner,

          V.                          CASE NO.  07-3184-SAC

ROGER WERHOLTZ,

                         Respondent.

O R D E R

    This matter is before the court upon petitioner's Motion for
Extension of Time (Doc. 34) to respond to the Order of this court
entered on July 22, 2008, and Motion for Order of Injunctive Relief
(Doc. 35).  Having considered these motions, the court finds as
follows.


**MOTION FOR EXTENSION OF TIME**

    In support of his motion for extension of time, petitioner
alleges he is having difficulty researching issues, has "several"
active cases, and that his 2254 petition "is complex and lengthy in
nature."  This action was reopened upon petitioner's post-judgment
motion in order for this court to comply with the Tenth Circuit
Court of Appeal's order of remand.  In this court's order reopening
this action, petitioner was given time to either withdraw his
initial pleading entitled "Notice[1] of Intent to File a Petition for

---

[1]     "A notice of intent to file" is not an actual event for opening a new case
in federal court, and thus the Notice was initially liberally construed as a
Petition.

1

a Writ of Habeas Corpus," or amend his initial pleading to an actual habeas corpus action that includes all the § 2254 claims he wishes to raise.  Petitioner was provided with 2254 forms on which he is required to submit any Amended Habeas Corpus Petition. Should Mr. Manco submit an Amended Habeas Corpus Petition for filing, it must be clearly designated as an "Amended Petition" and must have this case number only in its caption[2].

Petitioner's habeas corpus claims, which may only be presented in a § 2254 petition, are those challenging his state conviction or sentence, and may not include claims regarding conditions of confinement.  Conditions claims must be litigated in separate civil rights complaints[3].  As noted, petitioner submitted his initial pleading in this action with the title, "Notice of Intent to File a Petition for Writ of Habeas Corpus."  The claims he raised in his initial pleading are habeas claims.  This case may not, at this juncture, be amended into a civil rights action.  The only two options are (1) this case may proceed as a habeas corpus petition or (2) the "Notice" must be withdrawn.  Petitioner's indication to the court as to which of these two options he intends to follow

---

[2]
    Petitioner has a separate civil rights action also pending before the court and has submitted numerous documents to the clerk for filing without clearly indicating in which case they are to be filed.  He may not file one set of documents for filing in two different cases.  Instead, he must submit the documents he wishes to file in each case separately with the caption of one case only on the first page.

[3]
    It follows that any claims regarding conditions of confinement which petitioner has included in any pleadings filed herein are not properly raised in this action.  The only appropriate relief in a habeas corpus action is a speedier or immediate release.  In order to obtain injunctive, declaratory, or monetary relief based on conditions of confinement claims, Mr. Manco has to raise those claims in a civil rights action.

should not require any research or more than a single sentence response. He certainly should not have to research any issues to elect not to have his Notice treated as a habeas corpus action, which will result in this action being dismissed, without prejudice[4].

If petitioner decides that his Notice should be treated as a full-blown habeas corpus petition at this time, he should also take the opportunity given to him to amend his initial pleading to include all the federal constitutional claims he has regarding his state conviction and sentence. This is because any claims he does not include in this action, if it is treated as his first federal habeas corpus petition, are likely to be barred if he later tries to present them in a second or "successive" federal habeas petition. In other words, Mr. Manco generally gets only one chance to raise all the federal constitutional challenges he has to his state conviction and sentence.

In the event petitioner chooses to actually proceed on his habeas claims herein at this time, he still should not have to do extensive research even if he amends to include some additional claims. This is because all claims he presents in his federal habeas corpus action must have previously been presented in the state courts or they have not been exhausted. Petitioner has had many years to formulate his habeas corpus claims, and should not

---

[4]      As the court noted earlier in this case, petitioner is generally out of time to file a petition for writ of habeas corpus, unless he can show an exception to the statute of limitations. It follows that dismissing this action, without prejudice, will not cause the limitations time to run since it has already expired.

need to do significant research of issues in order to file an
Amended Petition for Writ of Habeas Corpus herein that raises all
his federal constitutional challenges to his state conviction or
sentence.  For the foregoing reasons, the court finds petitioner
has not shown good cause for an extension of more than twenty days
in which to respond to this court's Order of July 22, 2008.

**<u>ABUSIVE FILINGS</u>**

The court is concerned that Mr. Manco is abusing judicial
process by improperly and unnecessarily submitting voluminous
materials and motions in this and his civil rights case pending in
this district.  The court finds that his cases call for more
explicit court management.  For this reason, should he choose the
option of filing an Amended Habeas Corpus Petition he is ordered to
carefully follow the directions provided with the forms for filing
a § 2254 petition, and is limited to filing the forms and no more
than five additional pages, if needed, to complete responses
required by the forms.  He is required to briefly and separately
state all his habeas corpus claims as grounds on the forms and
provide a summary of the facts in support of those claims.  He is
not required to provide legal authority for his claims.

If Mr. Manco chooses his other option of declining to have his
"Notice" treated as a habeas corpus petition, then he is limited to
submitting a single page with the title: "Response to Court's Order
of July 22, 2008," with the caption of this case at the top.
Therein, he should simply state that he declines to have his Notice

4

treated as a habeas corpus petition under 28 U.S.C. 2254.

**MOTION FOR INJUNCTIVE RELIEF**

The court has considered petitioner's Motion for Order of Injunctive Relief (Doc. 35)[5], and finds it should be denied. In this motion, Mr. Manco generally complains of interference with his administrative grievances, out-going mail, and other forms of communication. He appears to be claiming denial of access or violation of his First Amendment rights to seek redress. He asks the court to order "the Kansas Department of Corrections" to cease this alleged interference, to "provide him with legal copies as needed throughout the duration" of his cases, and provide him with notary services.

The court finds that petitioner may not raise general claims of denial of access to the courts or First Amendment violations in this action, which will either proceed as a habeas corpus action or be dismissed, without prejudice. The claims in his motion for injunctive relief are challenges to conditions of confinement that must be raised in a separate civil rights complaint naming as defendants those persons alleged to have actually interfered with

---

[5] Mr. Manco sent a stack of documents attached to a letter addressed to the clerk of the court, which were received on August 4, 2008. The court examined the papers and could not determine that they related to this action, which was the only one he had pending at the time. The court directed the clerk to write plaintiff and require further information as to how these materials were to be handled, such as if he wanted them filed in this action or as a new civil case, and to inform plaintiff they would be returned unfiled if he did not provide further direction. He thereafter submitted this Motion for Order of Injunctive Relief and stated therein that he wanted the documents received on August 4, 2008, attached to this motion. The court has considered these documents with his motion.

the plaintiff's constitutional rights.

If petitioner is attempting to allege that he is being denied access to this court in this particular case, which is the only relevant access claim he could make by motion herein, he has presented no facts whatsoever in support.  Furthermore, the record plainly refutes any claim that Mr. Manco has been denied access in this case.  Instead, he has managed to file voluminous materials in this and his newer civil action, and as a result can show no actual harm to either of his pending court actions.  His brief statement that post-conviction actions were impeded is likewise not supported by any factual allegations regarding those cases, and no relevance to this case is suggested.  The court concludes that petitioner's "Motion for Order of Injunctive Relief" is without factual or legal basis as it relates to this action, and must be denied.

IT IS THEREFORE ORDERED that petitioner's Motion for Extension of Time (Doc. 34) is granted, but only to the extent that he is given up to and including September 16, 2008, in which to respond to the court's Order dated July 22, 2008; and no further extensions will be allowed without facts showing good cause.

IT IS FURTHER ORDERED that petitioner's response to the court's Order of July 22, 2008, must be in accord with the directions set forth herein.

IT IS FURTHER ORDERED that petitioner's Motion for Order of Injunctive Relief (Doc. 35) is denied.

IT IS SO ORDERED.

Dated this 27th day of August, 2008, at Topeka, Kansas.

6

<u>s/Sam A. Crow</u>
U. S. Senior District Judge