# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**DARRYL WAYNE MANCO,**

    Petitioner,

v.                              CASE NO. 07-3184-SAC

**ROGER WERHOLTZ,**

    Respondent.

## O R D E R

This matter is before the court for sua sponte adjustment of the court's prior orders regarding payment of the appellate filing fee by Mr. Manco. This court previously entered an order granting Mr. Manco's motion for leave to proceed in forma pauperis (IFP) on appeal (Doc. 27). However, the court also required Mr. Manco to submit an assessed initial partial filing fee and to pay the remainder of the $455.00 appellate filing fee through payments automatically deducted from his institutional account pursuant to 28 U.S.C. § 1915(b)(2) (Docs. 26, 27). Petitioner complied with the court's orders by submitting the initial partial fee and a few part fee payments. The referenced orders were in error because the PLRA and its provisions in § 1915(b)(2) do not apply to habeas petitions filed under § 2241 or 2254 for the reason that they "are not civil actions for purposes of 28 U.S.C. § 1915(a)(2)." See Boling-Bey v. U.S. Parole Com'n, 559 F.3d 1149, 1152 n. 3 (10th Cir. 2009)(citing see McIntosh v. U.S. Parole Com'n, 115 F.3d 809, 811 (10th Cir. 1997)). Thus, the assessment of an initial partial filing fee and the subsequent monthly "mechanism of collection," as well as the continuing responsibility to pay the remainder of the full appellate filing fee were not properly applied in this habeas action.

To correct its own erroneous rulings herein, the court vacates its Order of February 6, 2008, to the extent that it imposed upon petitioner an initial partial filing fee and subsequent partial fee payments pursuant to § 1915(b)(2) as well as the continuing obligation to pay the remainder of the full appellate filing fee. Since Mr. Manco's motion to proceed in forma pauperis on appeal was granted by this court's Order entered February 13, 2008 (Doc. 27), and § 1915(b)(1) requiring a prisoner to pay the full $455 fee on appeal does not apply to this habeas action, he is not required to pay any fee for his appeal.[1]

The court's financial office is directed to apply all payments that have been made by Mr. Manco in this case to other cases in which Mr. Manco has outstanding fee obligations.

**IT IS THEREFORE ORDERED** that the court, sua sponte, vacates its Orders of February 6, 2008 (Doc. 26), and February 13, 2008 (Doc. 27), to the extent that they imposed an initial partial filing fee and subsequent partial fee payments pursuant to § 1915(b)(2) as well as assessed the continuing responsibility to pay the remainder of the full appellate filing fee.

**IT IS FURTHER ORDERED** that petitioner is not required to pay any fee for the appeal filed in this action.

The clerk is directed to transmit a copy of this order to the court's finance office, and that office is directed to apply all payments and fees already collected in this case to other cases in which Mr. Manco has outstanding fee obligations. The clerk is also directed to transmit a copy of this order to the financial

---

[1] This court denied a certificate of appealability in this case (Doc. 23).

institution in which Mr. Manco is currently confined.

**IT IS SO ORDERED**.

Dated this 26th day of April, 2011, at Topeka, Kansas.


s/Sam A. Crow
U. S. Senior District Judge